**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                  Criminal No. 10-cr-159-01-JL

Guy Velez

### O R D E R

On March 29, 2011, the defendant appeared for a bail revocation hearing pursuant to 18 U.S.C. § 3148.

The background is as follows: Defendant is charged with Aiding and Abetting the Making of a False Statement During the Acquisition of a Firearm in violation of 18 U.S.C. § 2; and 18 U.S.C. § 922(a)(6).  On November 22, 2010, defendant was released on bail following his initial appearance in this court.

The government alleges that since defendant's release on bail in November, he has essentially been a fugitive.  Since his initial failure to report in January and February, defendant has disappeared from his supervising officer's radar screen and has not responded to telephone (and other) inquiries from his supervising officer.  Defendant has failed to report to his supervising officer, failed to attend drug testing, and, ultimately, failed to submit to supervision.  When deputies of the U.S. Marshal located defendant, defendant did not submit

voluntarily to arrest.  The deputies were able to place defendant under arrest only after a "foot pursuit."  Prior to his arrest, defendant was aided in his efforts to flee by the deceit of his acquaintances.

A request to revoke bail is governed by 18 U.S.C. § 3148, which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (b)(1)-(2).  The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1).  If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a

rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148(b)(2).  Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of section 3148 (b)(2)(A) or (B).  Aron, 904 F.2d at 224; United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

In this case, defendant conceded that the government had sufficient evidence to establish probable cause that he violated the conditions of his bail as charged.  Thus, the only question before the court was whether to release the defendant.  With respect to bail, the defendant did not dispute the government's offer of proof but urged the court to release him on electronic monitoring.  For all of the reasons stated on the record, and based on the factors set forth in 18 U.S.C. § 3142(g), the court finds that there are no conditions or combination of conditions of release that will assure that defendant will not flee.  Based on his recent attempt to flee from arresting officers and his fugitive status, defendant is not a reliable candidate for electronic monitoring.

Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  March 29, 2011

cc:   Jessica C. Brown, Esq.
      Debra M. Walsh, Esq.
      U.S. Marshal
      U.S. Probation

4